IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSALIND ENGERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| THE THRESHOLDS, | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Rosalind Engerman ("Ms. Engerman"), through her counsel, Dolores Ayala and Nicholas Bedenk of Legal Aid Chicago, states as follows:

**NATURE OF ACTION**

1. This action is brought to remedy violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, *et seq.* It is further brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including the right to be reasonably accommodated, protected by the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*

**JURISDICTION**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 29 U.S.C. § 2617(a)(2).

3. Venue in the Northern District of Illinois is appropriate pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. § 2000E-5(f)(3), and 28 U.S.C. § 1391, because the employment practices involved in the dispute occurred within this district in Chicago, Cook County, Illinois.

**ADMINISTRATIVE PROCEEDINGS**

4. Plaintiff has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this court under the Americans with Disabilities Act and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. have been performed or have otherwise occurred.

5. In particular, Plaintiff filed a Charge of Discrimination with the Equal Opportunity Commission ("EEOC") on November 20, 2018 and within 300 days of the action complained of. The EEOC issued a Notice of Right to Sue on February 28, 2020, a copy of which is attached hereto as *Exhibit A*. This lawsuit is timely filed within 90 days of that notice.

**PARTIES**

6. Ms. Engerman is a former employee of Defendant The Thresholds, residing within this judicial district at 1129 Hannah Avenue, Oak Park, Illinois, 60130.

7. At all relevant times, Ms. Engerman was a qualified individual with a disability who met the requirements of her position and could perform the essential functions of her position with or without a reasonable accommodation, as defined by 42 U.S.C. § 12111(8) of the ADA.

8. At all relevant times, Ms. Engerman was an "eligible employee" under the FMLA because she had been employed by Defendant for more than 12 months and worked at least 1,250 hours in the year preceding her need for or request for FMLA leave. 29 U.S.C. § 2611(2)(A).

9. At all relevant times, Ms. Engerman suffered from a "serious health condition" as defined by the FMLA. 29 U.S.C. § 2611(11)(B).

10. At all relevant times, Defendant was a corporation organized under the laws of the State of Illinois, doing business within this judicial district, with a facility in Chicago, Cook County, Illinois.

11. At all relevant times, Defendant was engaged in the business of providing therapeutic and rehabilitative services to persons with mental illnesses and substance abuse disorders, an industry affecting commerce, and had over 15 employees for each working day in each of 20 or more calendar weeks in the current calendar year. Therefore, Defendant was a "covered" employer as defined in 42 U.S.C. § 12111(5)(A) of the ADA.

12. At all relevant times, Ms. Engerman worked at Defendant's Chicago facility located at 2240 West Ogden Avenue, Chicago, Illinois 60612.

13. At all relevant times, Defendant was Ms. Engerman's "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4), because it engaged in commerce and employed 50 or more employees within a 75-mile radius of Ms. Engerman's workplace for each working day during each of 20 or more calendar workweeks in the current or preceding year.

## STATEMENT OF CLAIMS

14. Ms. Engerman worked for Defendant as a Community Support Specialist from early July 2015 to June 25, 2018.

15. On the evening of December 29, 2017, Ms. Engerman was the victim of an armed robbery.

16. During the incident, a man confronted Ms. Engerman with a gun, dragged her from her vehicle, and violently assaulted her by punching her face and body.

17. As a result of the attack, Ms. Engerman immediately began suffering from psychological symptoms including, but not limited to: anxiety, poor sleep, night terrors, and panic attacks.

18. Ms. Engerman's clinical psychologist diagnosed her with Post Traumatic Stress Disorder ("PTSD") and prescribed a regimen of medication to help her cope with the ongoing psychological symptoms.

19. A few days after the attack, on or about January 2, 2018, Ms. Engerman met with her supervisor, Thomas Czapiewski ("Mr. Czapiewski"), to request a reasonable workplace accommodation to assist her in the performance of her job..

20. Pursuant to her clinical psychologist's recommendation, Ms. Engerman requested an adjustment to her work schedule to ensure that her workday would end no later than 5:00p.m. She also requested a reduction in the amount of work-related travel time, explaining that her PTSD symptoms worsened when traveling by car.

21. In support of her request for accommodation, Ms. Engerman provided Mr. Czapiewski medical documents from her clinical psychologist substantiating her diagnosis, medication, and treatment.

22. Defendant failed to provide Ms. Engerman any of her requested accommodations.

23. Defendant continued to schedule Ms. Engerman for assignments that required her to both travel extensively and end her workday after 5:00 p.m.

24. Ms. Engerman complained to Mr. Czapiewski on several occasions about Defendant's failure and refusal to provide her any of her requested accommodations.

25. Despite these complaints, Defendant still refused to accommodate Ms. Engerman.

26. After consulting her psychologist, her therapist, and her physician, Ms. Engerman decided that she would request FMLA leave, since it was clear that Defendant would not provide the accommodations she needed.

27. Defendant approved Ms. Engerman's FMLA leave request for the twelve-week period beginning March 23, 2018 and ending on June 25, 2018.

28. Ms. Engerman returned to work on June 25, 2018, as scheduled, but when she arrived, she discovered that she had been denied access to her computer and her work files.

29. Defendant's Program Director, Fernando Valles, handed Ms. Engerman a termination letter, informing her that she was terminated from her employment with Defendant.

30. Defendant claimed it terminated Ms. Engerman's employment because she had allegedly entered inaccurate service notes into Defendant's computer system on March 21, 2018, two days before she began her FMLA leave.

31. Ms. Engerman did not enter inaccurate service notes into Defendant's computer system on March 21, 2018.

32. Ms. Engerman had never received a warning about inaccurate service notes, nor had Defendant ever alerted her to any problems with the accuracy of her service notes, prior to her request for an ADA accommodation and her eventual request for FMLA leave.

33. The timing of Defendant's action in terminating Ms. Engerman's employment (immediately upon her return from her approved FMLA leave) raises an inference of retaliatory motive on the part of Defendant.

**COUNT I: INTERFERENCE WITH RIGHTS AFFORDED UNDER THE FMLA**

34. Ms. Engerman re-alleges and incorporates by reference Paragraphs 1-33 of this Complaint as though fully set forth herein.

35. The FMLA requires employers to restore employees who return from approved FMLA leave to the same position they held at the time leave commenced, or to an equivalent position. 29 U.S.C. § 2614(a)(1).

36. Ms. Engerman was on an employer-approved FMLA leave for the twelve-week period beginning March 23, 2018 through June 25, 2018.

37. Defendant violated the FMLA, 29 U.S.C. § 2614(a)(1), by failing to restore Ms. Engerman to the same position she had held before her approved FMLA leave, or to an equivalent position, upon her return on June 25, 2018.

38. Defendant's violation of 29 U.S.C. § 2614(a)(1) was willful because Defendant not only failed to restore Ms. Engerman to the same or an equivalent position, but terminated her employment on the same day that she returned from her approved FMLA leave.

39. As a result of Defendant's unlawful conduct, Ms. Engerman suffered pecuniary and non-pecuniary damages in the form of lost wages and benefits, and emotional and mental pain and anguish.

WHEREFORE, Ms. Engerman requests that this Court grant her the following relief:

A. Enter judgment in Ms. Engerman's favor and against Defendant;

B. Award Ms. Engerman actual damages to compensate her for her lost wages, benefits and other compensation, including back pay and front pay, resulting from Defendant's violation of the FMLA, in an amount to be determined at trial;

C. Award Ms. Engerman interest on the amount described in items listed above, calculated at the prevailing rate;

D. Award Ms. Engerman liquidated damages provided under the FMLA;

E. Award Ms. Engerman her reasonable attorney's fees and costs in bringing this action; and

F. Such other relief as this Court deems just and equitable.

**COUNT II: RETALIATORY DISCHARGE IN VIOLATION OF THE FMLA**

40. Ms. Engerman incorporates and re-alleges by reference paragraphs 1 through 33 as though fully set forth herein.

41. The FMLA prohibits employers from discharging or otherwise discriminating against employees who exercise their rights under the FMLA. 29 U.S.C. § 2615(a)(2).

42. Ms. Engerman was on an employer-approved FMLA leave for the twelve-week period beginning March 23, 2018 through June 25, 2018.

43. Defendant retaliated against Ms. Engerman for exercising her FMLA rights by terminating her employment on June 25, 2018, a willful violation of 29 U.S.C. § 2615(a)(2).

44. As a result of Defendant's unlawful conduct, Ms. Engerman suffered pecuniary and non-pecuniary damages in the form of lost wages and benefits, and, emotional and mental pain and anguish.

WHEREFORE, Ms. Engerman requests that this Court grant her the following relief:

A. Enter judgment in Ms. Engerman's favor and against Defendant;

B. Award Ms. Engerman actual damages to compensate her for her lost wages, benefits and other compensation, including back pay and front pay, resulting from Defendant's violation of the FMLA in an amount to be determined at trial;

C. Award Ms. Engerman interest on the amount described in items listed above, calculated at the prevailing rate;

D. Award Ms. Engerman liquidated damages under the FMLA;

E. Award Ms. Engerman her reasonable attorney's fees and costs in bringing this action; and

F. Such other relief as this Court deems just and equitable.

## COUNT III: FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE ADA

45. Ms. Engerman re-alleges and incorporates by reference Paragraphs 1-33 of this Complaint as if fully set forth herein.

46. The ADA applies to Ms. Engerman's claims.

47. In its active state, Ms. Engerman's condition, PTSD, is a disability as defined by the ADA.

48. Ms. Engerman's condition substantially limited her in various major life activities, including the ability to work.

49. Ms. Engerman had a disability as defined by the ADA, PTSD, for which she requested a reasonable accommodation.

50. Ms. Engerman's history of PTSD and its treatment constitute a "record of disability" as defined by the ADA.

51. Providing Ms. Engerman the accommodations she requested would have enabled Ms. Engerman to perform the essential functions of her job and would not have created an undue hardship for Defendant.

52. Defendant intentionally and with malice and reckless indifference to her rights under the ADA, failed and refused to provide Ms. Engerman a reasonable accommodation that would have permitted her to keep her job, in violation of the ADA.

53. Defendant's discriminatory conduct has caused and continues to cause Ms. Engerman to suffer substantial mental and emotional distress and inconvenience.

WHEREFORE, Ms. Engerman requests that this Court grant her the following relief:

A. Enter judgment in Ms. Engerman's favor and against Defendant;

B. Award Ms. Engerman actual damages to compensate her for her lost wages, benefits

and other compensation, including back pay and front pay, resulting from Defendant's violation of the ADA, in an amount to be determined at trial;

C. Award Ms. Engerman interest on the amount described in items listed above, calculated at the prevailing rate;

D. Award Ms. Engerman compensatory damages to compensate her for the emotional pain and mental anguish caused by Defendant's violation of the ADA;

E. Award Ms. Engerman punitive damages because the Defendant acted with malice and reckless indifference of her rights;

F. Award Ms. Engerman her reasonable attorney's fees and costs in bringing this action; and

G. Such other relief as this Court deems just and equitable.

## COUNT IV: FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE ADA

54. Ms. Engerman re-alleges and incorporates by reference Paragraphs 1-33 of this Complaint as if fully set forth herein.

55. The ADA applies to Ms. Engerman's claims.

56. In its active state, Ms. Engerman's condition, PTSD, is a disability as defined by the ADA.

57. Ms. Engerman's condition substantially limited her in various major life activities, including the ability to work.

58. Ms. Engerman's history of PTSD and its treatment constitute a "record of disability" as defined by the ADA.

59. Ms. Engerman would have been able to continue performing her job if Defendant had engaged in a good-faith interactive process to determine if a reasonable accommodation was

available to her while she was suffering from PTSD.

60. Defendant intentionally and with malice and reckless indifference to Ms. Engerman's rights under the ADA, failed and refused to engage in an interactive process to determine if a reasonable accommodation was available to her while she was suffering from PTSD, in violation of the ADA.

61. Defendant's discriminatory conduct has caused and continues to cause Ms. Engerman to suffer substantial mental and emotional distress and inconvenience.

WHEREFORE, Ms. Engerman requests that this Court grant her the following relief:

A. Enter judgment in Ms. Engerman's favor and against Defendant;

B. Award Ms. Engerman actual damages to compensate her for her lost wages, benefits and other compensation, including back pay and front pay, resulting from Defendant's violation of the ADA, in an amount to be determined at trial;

C. Award Ms. Engerman interest on the amount described in items listed above, calculated at the prevailing rate;

D. Award Ms. Engerman compensatory damages to compensate her for the emotional pain and mental anguish caused by Defendant's violation of the ADA;

E. Award Ms. Engerman punitive damages because the Defendant acted with malice and reckless indifference of her rights;

F. Award Ms. Engerman her reasonable attorney's fees and costs in bringing this action;

G. Such other relief as this Court deems just and equitable.

## COUNT V: RETALIATORY DISCHARGE IN VIOLATION OF THE ADA

62. Ms. Engerman re-alleges and incorporates by reference Paragraphs 1-33 of this Complaint as if fully set forth herein.

63. The ADA applies to Ms. Engerman's claims.

64. In its active state, Ms. Engerman's condition, PTSD, is a disability as defined by the ADA.

65. Ms. Engerman's condition substantially limited her in various major life activities, including the ability to work.

66. Ms. Engerman had a disability as defined by the ADA, PTSD, at the time Defendant terminated her employment.

67. Ms. Engerman's history of PTSD and its treatment constitute a "record of disability" as defined by the ADA.

68. Ms. Engerman engaged in protected activity by requesting a reasonable accommodation for her disability.

69. Ms. Engerman would have been able to continue performing her job if Defendant had not discharged her from employment in retaliation for her attempt to avail herself of the rights afforded her under the ADA.

70. Defendant intentionally and with malice and reckless indifference to her rights under the ADA, terminated Ms. Engerman's employment in retaliation for having requested reasonable accommodations.

71. The Defendant's discriminatory conduct has caused and continues to cause the Plaintiff to suffer substantial mental and emotional distress and inconvenience.

WHEREFORE, Ms. Engerman requests that this Court grant her the following relief:

A. Enter judgment in Ms. Engerman's favor and against Defendant;

B. Award Ms. Engerman actual damages to compensate her for her lost wages, benefits and other compensation, including back pay and front pay, resulting from Defendant's

    violation of the ADA, in an amount to be determined at trial;

C. Award Ms. Engerman interest on the amount described in items listed above, calculated at the prevailing rate;

D. Award Ms. Engerman compensatory damages to compensate her for the emotion pain and mental anguish caused by Defendant's violation of the ADA;

E. Award Ms. Engerman punitive damages because the Defendant acted with malice and reckless indifference of her rights;

F. Award Ms. Engerman her reasonable attorney's fees and costs in bringing this action;

G. Such other relief as this Court deems just and equitable.

Dated: May 28, 2020

Respectfully submitted,

*s/Nicholas Bedenk*
Nicholas Bedenk
Dolores Ayala
Legal Aid Chicago
120 South LaSalle Street
Suite 900
Chicago, IL 60603
(312) 229-6394
nbedenk@legalaidchicago.org
dayala@legalaidchicago.org

Attorneys for Ms. Engerman